UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD MICHAEL ANTHONY LEE,

   Petitioner,

v.   Case No. 3:22cv8086-LC-HTC

STATE OF FLORIDA,

   Respondent.

_____/

ORDER and REPORT AND RECOMMENDATION

Petitioner Richard Michael Anthony Lee filed an amended petition under 28 U.S.C. § 2254, seeking review of a 1983 conviction and sentence from an Escambia County circuit court, the fifth such petition he has filed. ECF Doc. 6. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The undersigned finds the petition should be DISMISSED without an evidentiary hearing as an unauthorized successive petition.

Also, Petitioner has filed a "MOTION [to] Review a 1983 Case 83-325 on Ground Charges and [an] Illegal Sentence", ECF Doc. 4, and "MOTION [to] Correct [an] Illegal Sentence", ECF Doc. 5. The Court has reviewed these motions and finds them to be duplicative of the relief sought in the amended petition. Therefore, they will be denied.

## I. BACKGROUND

Petitioner pled nolo contendere to second degree murder and armed robbery in Escambia County Circuit Court case number 1983 CF 325 and was sentenced to two concurrent life terms. Att. to Resp.'s Mot. to Dismiss, ECF Doc. 23-1 at 8-9, *Lee v. Inch*, 3:20-cv-05702-LC-EMT (Feb. 22, 2021). In 1995, he filed a petition under 28 U.S.C. § 2254 in *Lee v. Hannigan*, 3:95-cv-30518-RV (N.D. Fla.), which he voluntarily dismissed on July 24, 1996. Order of Dismissal, ECF Doc. 20 in 3:95-cv-30518-RV. Petitioner later filed a second petition, *Lee v. Singletary*, 3:98-cv-00274-LC (N.D. Fla.) which the Court dismissed as untimely on March 22, 1999. Order of Dismissal, ECF Doc. 20 in 3:98-cv-00274-LC.

In 2013, Petitioner filed a third petition, *Lee v. Secretary Department of Corrections*, 3:13-cv-00592-MCR-EMT (N.D. Fla), which the Court dismissed for lack of jurisdiction as an unauthorized successive petition. Order of Dismissal, ECF Doc. 35 in 3:13-cv-00592-MCR-EMT. In 2020, Petitioner filed a fourth petition, *Lee v. Inch Et Al*, 3:20-cv-05702-LC-EMT (N.D. Fla.), which the Court again dismissed for lack of jurisdiction as an unauthorized successive petition. Order of Dismissal, ECF Doc. 30 in 3:20-cv-05702-LC-EMT (Apr. 27, 2021).

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before filing a second or successive § 2254 petition in the district court,

Case No. 3:22cv8086-LC-HTC

a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Eleventh Circuit, a second petition is subject to dismissal as an improper or successive petition. Indeed, a district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *See Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain a second habeas petition because prisoner failed to obtain an order from the court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

There can be no doubt the instant petition is an unauthorized successive petition. The amended petition seeks to attack the same judgment and conviction that were attacked in the prior four (4) petitions. The second of such petitions was denied as untimely. Petitioner does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. His failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this district court's

consideration of the merits of the petition. See 28 U.S.C. § 2244(b)(3)(A); *Fugate*, 310 F.3d at 1288.

## III. CONCLUSION

### A. *Sua Sponte* Dismissal Is Appropriate Since the Report and Recommendation Provides Notice and an Opportunity to Be Heard

Because the amended petition is an unauthorized successive petition, the petition should be dismissed *sua sponte*. A court does not err by *sua sponte* dismissing a § 2254 petition as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond" (quotation marks omitted)). This Report and Recommendation provides Petitioner an opportunity to file objections and, thus, affords him both notice and a reasonable opportunity to respond. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate

Case No. 3:22cv8086-LC-HTC

judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue")).

### B. An Evidentiary Hearing Is Not Warranted

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, whether the amended petition is successive does not turn on any contested factual issue. Therefore, an evidentiary hearing would not assist in determining whether Petitioner is entitled to relief and is not warranted.

### C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

Case No. 3:22cv8086-LC-HTC

of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The "MOTION [to] Review a 1983 Case 83-325 on Ground Charges and [an] Illegal Sentence", ECF Doc. 4, and "MOTION [to] Correct a Illegal Sentence", ECF Doc. 5, are DENIED.

Additionally, it is respectfully RECOMMENDED:

1. That the amended petition, ECF Doc. 6, be DISMISSED for lack of jurisdiction because the amended petition is an unauthorized successive petition.

Case No. 3:22cv8086-LC-HTC

2.     That a certificate of appealability be DENIED.

3.     That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of July, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.